The defendant was indicted in the Circuit court of Ohio county at its May term 1850, for felony. The in *625 dictment contains seven counts. Upon that indictment he was tried and acquitted upon the 3d count. He was found guilty upon the other six counts, as to Avhich the finding of the jury was special ,• and it is upon that finding that the questions we are called upon to decide arise. The verdict of the jury is in these words : “ We the jury find the defendant guilty under the first and fourth counts of the indictment, provided the Court shall be of opinion that he can rightfully be so found guilty on both or either of the said counts, under evidence proving that the out house, or old out house, mentioned or described in the said counts, was not adjoining any dwelling house, nor under the roof of any, nor in the curtilage of any, but was in the field, isolated, separate and apart from any dwelling house; there being no dwelling house on the farm at all. We find him guilty also under the second and seventh counts of the indictment, provided the Court shall be of opinion that the said counts or either of them are good and sufficient in law, and not to be disregarded by the jury. We further find if the prisoner can be convicted and judgment given against him as aforesaid, on all or any of the said counts, that he be fined five hundred dollars, and imprisoned three months in the county jail. But if he cannot be so rightfully convicted, and judgment be given against him on all or any of the said counts, then we find him not guilty on the same. We further find the prisoner guilty of the fifth and sixth counts, if he can be lawfully convicted under the said fifth and sixth counts of a misdemeanor, and assess his fine at one hundred and twenty-five dollars. And we find the prisoner at the bar not guilty upon the third count of the said indictment.” Upon the verdict as to the 1st, 2d, 4th and 7th counts of the indictment, the Court rendered judgment against the prisoner for the fine and imprisonment so ascertained by the jury. Upon the verdict of the jury as to the fifth *626 and sixth counts the Circuit court adjourned these questions to this Court for decision:
“ 1st. Whether the Court ought to give judgment for the Commonwealth as for a misdemeanor upon the said finding of the jury upon the said fifth and sixth counts of the indictment; or shall arrest the same.
“ 2d. What judgment ought to be given on the said finding upon the said fifth and sixth counts.”
To the judgment rendered by the Circuit court upon the verdict upon the 1st, 2d, 4th and 7th counts, a writ of error has been awarded by a Judge of this Court; and thus the whole case comes before us. Upon looking into this record we are clearly of opinion that the 7th count is good ; and this relieves us from the necessity of taking any notice of the 1st, 2d and 4th : For whether they are good or bad, is rendered wholly immaterial by the finding of the jury, provided the 7th is good. The 7th count of the indictment charges that the said John Erskine on the 30th day of February in the year of our Lord eighteen hundred and fifty, between the hours of ten o’clock in the night of the same day, with force and arms at the county aforesaid, one building on a farm of the said John Erskine situated in Ohio county aforesaid, and which was then and there in the occupation and possession of one Ely Prettyman, and of the value of sixty dollars, feloniously and maliciously did set fire to, and the said building then and there situate, by such firing as aforesaid, feloniously and maliciously did burn and consume, against the statute in such case made and provided, and against the peace and dignity of the Commonwealth.
The statute under which this indictment was made, is the 7th section of the 4th chapter of the Criminal Code, in the Session Acts of 1847-8, p. 99. After specifying in previous sections, dwelling houses, jails, prisons, churches, town houses, colleges, academies and other buildings erected for public use, banking houses, *627 ware houses, store houses, manufactories and mills, barns, stables, corn houses and tobacco houses, the 7th section provides that any free person who shall maliciously burn any building whatsoever, not mentioned in this act, if the value thereof be one hundred dollars or more, shall be punished by confinement in the penitentiary for not less than three nor more than ten years. And if the value be less than one hundred dollars, by confinement in the penitentiary for not less than one nor more than three years, or in the discretion of the jury, by confinement in the jail not exceeding twelve months, and by fine not exceeding five hundred dollars. The house in question appears to have been situated upon the farm of the prisoner. But it was at the time of being burnt in the occupancy and possession of another man, who had a qualified ownership therein, and therefore the burning of that house maliciously by the prisoner was a violation of the said 7th section, and renders him liable to prosecution and punishment under that law. We are therefore of opinion that there is no error in the record and the judgment is to be affirmed.
The two adjourned questions arise upon the special finding of the jury upon the 5th and 6th counts of the indictment. The 5th count charges a felonious, wilful and malicious burning at night of a large quantity of hay and wheat, threshed and cleansed, of the value of 165 dollars, in a barn situated on a tract of land belonging to the said John Erskine, but then in the occupancy and possession of Ely Prettyman. The 6th count charges a burning at night, feloniously, wilfully and maliciously 165 bushels of wheat, threshed and cleansed, of the value of 160 dollars, of the goods and chattels of Ely Prettyman, in a building situated on a tract of land belonging to the said Erskine in the occupancy and possession of Prettyman. These two counts were based upon the 6th section of the same law which makes the malici *628 ous burning of a stack of wheat, barley, oats, corn, or otiier grain, or any stack of fodder, straw or hay, felony. But as the wheat and hay charged in these counts to have t>een- burnt were not in stacks, the burning was not a felony under the 6th section. The jury convicted the prisoner not of the felony, but of a misdemeanor, in burning the wheat and straw. This conviction upon an indictment under the statute for punishing wilful trespasses might have been proper; but the counts above referred to are not good under that statute. We are therefore of opinion and respond in answer to the questions adjourned, that judgment should not be entered for the Commonwealth upon the finding of the jury upon the 5th and 6th counts of the indictment; but should be arrested, and judgment entered thereon for the prisoner: which is ordered to be certified, &c.